IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATT BYRD, LAURENCE DENSLOW, AMANDA FORSYTHE, OLLIE JEFFERSON-BEY, PRESTON PONDER, and RITA VAN STRAALEN, <br><br> Plaintiffs, <br><br> vs. <br><br> COOK GROUP, INC., et. al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. 16-CV-95-SMY-PMF ) ) ) ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir.2008)), and having reviewe*d* the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pled diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

Plaintiffs filed suit against Defendants Cook Group, Inc., Cook Incorporated, Cook Medical, LLC and William Cook Europe APS alleging personal injuries and economic damages suffered as a result of Defendants' medical devices (Doc. 1-1). Defendants Cook Group Inc., Cook Incorporated and Cook Medical, LLC, removed this action from the Circuit Court of St.

1

Clair County, Illinois on January 26, 2016 (Doc. 1).[1] Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The exercise of diversity jurisdiction requires that an amount in excess of $75,000.00, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1).

To determine the amount in controversy, the Court looks to the face of the plaintiff's complaint. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In this case, Plaintiffs' Complaint seeks a judgment "in an amount in excess of $50,000.00." Defendants assert that they "have a good faith belief" that Plaintiffs damages exceed $75,000.00 (Doc. 1, ¶ 10). However, Defendants' beliefs are insufficient evidentiary support that Plaintiffs' damages indeed exceed $75,000.00. As such, the Court finds that the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see also Morales v. Menard, Inc.*, No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, this Court does not have proper subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

---

[1] Defendant Williams Cook Europe APS has not yet been served (Doc. 1, ¶2)

**IT IS SO ORDERED.**

**DATED:  February 11, 2016**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**